UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:                                                                                          CASE NO. 16-2016-ee

KIESHA YATES OSBORN                                                                Chapter 7

DEBTOR

## MOTION FOR RELIEF FROM AUTOMATIC STAY

Defendants/Third-Party Plaintiffs, B&K STORAGE SOLUTIONS, LLC D/B/A CAROLINE STORAGE SOLUTIONS, CAROLINE STORAGE SOLUTIONS, LLC, in its own capacity and as member of B&K STORAGE SOLUTIONS, LLC, BRANDON OSBORNE, individually and in his capacity as OWNER and MEMBER of B&K STORAGE SOLUTIONS ("Defendants"), file this Motion for Relief from Automatic Stay pursuant to 11 U.S.C. § 362. In Support of this Motion, the Defendants state as follows:

### A. Jurisdiction

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, 11 U.S.C. § 362 and the order granting automatic reference to this Bankruptcy Court. This is a core proceeding.

### B. Parties

2.      On or about March 7, 2014, Kiesha Yates Osborn ("Debtor") filed her petition for relief under Chapter 7 of the Bankruptcy Code.

3.      The Honorable Derek Henderson is the Chapter 7 Trustee.

4.      The Defendants are creditors of the Debtor.

### C. Facts

5.      On April 10, 2015, Two Street, Inc. d/b/a All Metro Fence Company ("State Court Party"), filed a Complaint (the "State Court Action") against the Defendants/Third-Party Plaintiffs in the County Court of Madison County, Mississippi. *See* **Exhibit** "**A**."

6. On August 19, 2015, the Defendants/Third-Party Plaintiffs filed a Third-Party Complaint in the County Court of Madison County, Mississippi, against Kiesha Yates Osborn ("State Court Party"). *See* **Exhibit** "**B**."

7. On April 5, 2016, the County Court of Madison County, Mississippi granted Defendants/Third-Party Plaintiffs Motion to Compel Joinder of Kiesha Osborn as a necessary and indispensable party and party-defendant. *See* **Exhibit** "**C**."

8. The State Court Parties have participated in written discovery and conducted depositions. Since the State Court Action was filed, the parties have exchanged several motions and supporting memoranda along with discovery documents. The matter is currently set for trial on February 27, 2017. *See* **Exhibit** "**D**."

9. It is Defendants/Third-Party Plaintiffs' contention that because the Debtor is an indispensable and necessary party in the underlying State Court Action, that the State Court Action is subject to the automatic stay imposed under 11 U.S.C. § 362(a), and that to proceed in the State Court Action, limited relief must be obtained by this Court from the automatic stay.

10. Further, as the Debtor is an indispensable and necessary party in the underlying State Court Action, and the underlying State Court Action cannot move forward without the Debtor's participation and presence as a party thereto, without unfairly and unjustly prejudicing the Defendants/Third-Party Plaintiffs.

### D. Law and Argument

11. Title 11 of the United States Code, Section 362(d)(1) vests this Court with authority to modify the automatic stay imposed under 11 U.S.C. § 362(a) for "cause." [A] desire to permit an action to proceed to completion in another tribunal may provide…cause." H.R. Rep. No. 95-595, at 343 (1977).

12. A bankruptcy court has authority to lift the automatic stay to permit litigation to proceed in a non-bankruptcy forum for cause, as determined on a case by case basis. Courts consider several factors in this regard. S.H Leggitt Co., 2011 WL 1376772, *4 (Bkrtcy.W.D.Tex.,2011). Key to this Court's determination are the interests of judicial economy, expeditious and economical resolution of the litigation, comity, jurisdiction, and balancing of the harm between the parties. *Id. See also Collier on Bankruptcy* § 362.07 n.15 (Lawrence P. King, et al., eds., 16th ed.) (citing several cases for the proposition that relief from stay may be granted when necessary to permit litigation to be concluded in another forum, particularly if the nonbankruptcy suit involves multiple parties or is ready for trial).

13. Cause exists to modify the automatic stay to permit the State Court Action to proceed to trial, including any appeals, and to permit the enrolling of any judgment the Defendants/Third-Party Plaintiffs may obtain against the Debtor. In the instant case, the matter involves a claim against a business entity by the Underlying Plaintiff and a claim for contribution, indemnity and breach of fiduciary duty by Defendants/Third-Party Plaintiffs against the Debtor. Any delay of the State Court Action causes irreparable harm to the Defendants/Third-Party Plaintiffs. The multiple State Court Parties have been debating the issues raised through the State Court Action for over a year, and they have been consistently preparing, exchanging and examining preliminary motions and memoranda and producing many documents to one another through discovery. At this time, all discovery has been concluded. Accordingly, if judicial efficiency ever constitutes cause to modify the stay, the current case would appear to be the best case for the application of this principle.

14. The Defendants/Third-Party Plaintiffs will not execute on any judgment they may obtain against the Debtor without seeking further relief from this Court, unless the extent the automatic stay terminates by operation of law.

15. Because of the delays the Debtor's filing has created in prosecuting the State Court Action, the Defendants/Third-Party Plaintiffs request that the Court order that the fourteen (14) day stay of execution of Fed. R. Bankr. Proc. 4001(a)(3). The Defendants/Third-Party Plaintiffs submit that sufficient cause for such waiver has been provided above, as provided for by Bankr. L.R. Rule 4001-1(a)(3).

16. A proposed order is attached hereto pursuant to Bankr. L.R. 5005.

**WHEREFORE**, the Defendants/Third-Party Plaintiffs request that this Court modify the stay imposed by 11 U.S.C. § 362 to permit the State Court Action to proceed to trial, including any appeals, and to permit the enrolling of any judgment the Defendants/Third-Party Plaintiffs may obtain against the Debtor. Alternatively, the Defendants/Third-Party Plaintiffs request such other and further relief as the Court deems just and appropriate.

**RESPECTFULLY SUBMITTED**, this the 12th day of October, 2016.

       B&K STORAGE SOLUTIONS, LLC D/B/A
       CAROLINE STORAGE SOLUTIONS,
       CAROLINE STORAGE SOLUTIONS, LLC, in its own
       capacity and as member of B&K STORAGE
       SOLUTIONS, LLC, BRANDON OSBORNE,
       individually and in his capacity as
       OWNER and MEMBER of B&K STORAGE
       SOLUTIONS, LLC

By: */s Clyde X. Copeland, III*
   Clyde X. Copeland, III (MSB# 10322)
   Roy H. Liddell (MSB# 1252)

**OF COUNSEL:**

JERNIGAN COPELAND & ANDERSON, PLLC
P.O. Box 2598
Ridgeland, Mississippi 39158-2598
Office: (601) 427-0048
Fax:     (601) 427-0051
ccopeland@jcalawfirm.com

Roy H. Liddell, Esq.
WELLS MARBLE & HURST, PLLC
P.O. Box 131
Jackson, Mississippi 39205-0131

## CERTIFICATE OF SERVICE

I, Clyde X. Copeland, III, one of the attorneys for the Defendants, do hereby certify that I have this day, filed the foregoing with the Clerk of Court via the ECF system, which has caused a true and correct copy to be served via electronic mail on:

James D. Bell, Esq.
P. Caleb Koonce, Esq.
BELL & ASSOCIATES, P.A.
318 South State Street
Jackson, Mississippi 39201
jbell@judgebell.com
ckoonce@judgebell.com

C. Paige Herring, Esq.
SCOTT SULLIVAN STREETMAN & FOX, P.C.
Post Office Box 13847
Jackson MS 39236-3847
pherring@sssf-ms.com

Elleen N. Shaffer, Esq.
P.O. Box 1177
Jackson, MS 39215-1177
enslaw@bellsouth.net

Derek Andrew Henderson, Esq.
1765A Lelia Drive, Suite 103
Jackson, MS 39216-4820
derek@derekhendersonlaw.com

Hon. Henry G. Hobbs
ACTING U.S. TRUSTEE
400 Poydras Street
Texaco Center, Suite 2110
New Orleans, LA 70130

**SO CERTIFIED**, this the 12th day of October, 2016.

/s Clyde X. Copeland, III
CLYDE X. COPELAND, III