IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:  KIESHA YATES OSBORN                                CHAPTER 7
       Debtor.                                                    CASE NO. 16-02016-ee

BRANDON OSBORN,
       Plaintiff

v.                                                         ADVERSARY NO. _____

KIESHA OSBORN,
       Defendant

## COMPLAINT TO DENY DISCHARGE

Brandon Osborn ("Brandon"), a creditor in this bankruptcy proceeding, complains of Kiesha Osborn ("Kiesha"), the Chapter 7 Debtor herein, and in support hereof, Brandon states as follows:

1. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1334 and 157. This is an action to deny Kiesha's discharge under 11 U.S.C. (Bankruptcy Code) § 727(a)(2) and (4) and (c). As such, and pursuant to 28 U.S.C. § 157(b)(2)(J), this is a core proceeding. Brandon affirmatively consents to the Bankruptcy Court's entry of a final order.

2. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1409(a).

3. This is an adversary proceeding as defined by Fed. R. Bankr. P. (Bankruptcy Rule) 7001(4).

4. Kiesha filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on June 22, 2016.

5. Derek Henderson is the duly-appointed and acting Chapter 7 Trustee ("Trustee") for Kiesha's case.

6. On July 6, 2016, Kiesha filed her Summary of Assets and Liabilities, Schedules A through H ("Schedules"), and Statement of Financial Affairs ("Statement"). [Dkt. 13 in case no. 16-02016, pp. 1-43], a true copy of which is incorporated herein by reference.

7. In her Schedules, Kiesha listed her mother, Juanita Howington ("Howington"), as a creditor holding an unsecured, non-priority claim in the amount of $29,875.00. [Dkt. 13 at p. 14 of 43].

8. In addition, in her Schedule C, Kiesha included, in property that is exempt, her IRA at Edward James [sic] in the amount of $58,000.00 as of the time of her filing her petition in bankrutpcy. [Dkt. 13 at p. 10 of 43]. Kiesha did not list or identify any other IRA-related funds as exempt.

9. In her Statement filed with the Court, Kiesha was asked, *"7. Within 1 year before you filed for bankruptcy, did you make a payment on a debt owed to anyone who was an insider?"* [Dkt. 13 at p. 27 of 43]. The Statement disclosed, immediately following the question, that *"Insiders include your relatives"*.

10. In response to that question, Kiesha answered "Yes" and listed a "Total amount paid" to her mother, Howington, the amount of $15,500.00. Kiesha did not disclose any other transfers of assets or payments.

11. In her Statement filed with the Court, Kiesha was asked, *"8. Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefitted an insider?"* [Dkt. 13 at p. 27 of 43].

12. In response to that question, Kiesha answered, without qualification, "No."

13. In her Statement filed with the Court, Kiesha was asked, *"17. Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any*

2

*property to anyone who promised to help you deal with your creditors or to make payments to your creditors?"* [Dkt. 13 at p. 29 of 43].

14. In response to that question, Keisha answered, without qualification, "No."

15. Kiesha then signed her Statement, expressly affirming, *"I have read the answers on this Statement of Financial Affairs and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines…imprisonment…or both."* [Dkt. 13 at p. 32 of 43].

16. Kiesha appeared for questioning at the meeting of creditors on August 10, 2016. At that time, she again affirmed, under oath, the accuracy of the information she supplied in the Schedules and Statement.

17. Kiesha never amended her Schedules or Statement to correct any of the information provided therein.

18. Despite affirming under penalty of perjury the truth of the answers and information she provided in her Statement, Kiesha's answers to the above-quoted questions in her Statement (paragraphs 9-15 above) were materially false, and she knew they were false when she signed her Statement.

19. Within 1 year prior to filing for bankruptcy, Kiesha transferred over $100,000.00 to a joint account with her mother, Howington. These transfers were to Howington, an insider, in connection with a debt Kiesha owed Howington, who had loaned money to Kiesha by paying certain other creditors of Kiesha, with the express understanding that Kiesha would then repay Howington all amounts she advanced on Kiesha's behalf. These transfers were on account of a debt and they benefitted Howington, an insider. These transfers by Kiesha to Howington were for the purpose of concealing Kiesha's assets from the Trustee and creditors, including Brandon,

3

while allowing Kiesha to pay selected creditors, including Howington, preferentially from the joint account of Kiesha and Howington, which then occurred.  These transfers and payments were to the exclusion of other non-preferred creditors, including Brandon.

20.     The property Kiesha transferred was not exempt, but instead was property in the form of funds in a joint checking account at Delta Bank in Vidalia, Louisiana, that she owned (and still owns) with her mother, Howington.  In addition to the above-described transfers of property, and also in violation of Section 727(a)(2), Kiesha then caused the property (the funds in the joint account) to be further transferred from that joint account to other accounts owned and controlled exclusively by Howington or, in some instances, in cash directly to Howington.

21.     These payments and transfers were not disclosed by Kiesha in her Statement but instead were affirmatively concealed by Kiesha.  They were concealed despite Kiesha affirmatively representing in her Statement, under penalty of perjury, that the information provided in the Statement was accurate and truthful.

## Count I - Denial of Discharge Under Section 727(a)(2)

22.     Brandon incorporates by reference each of the foregoing allegations.

23.     As alleged hereinabove, in violation of 11 U.S.C. § 727(a)(2), Kiesha transferred, removed and concealed property within one year of filing her petition in bankruptcy with the intent to delay or defraud her creditors, including Brandon.

24.     These transfers from the joint account to Howington were undertaken by Kiesha to conceal assets from the Trustee and other creditors.  These transfers represented the bulk of Kiesha's assets and they occurred at a time when Kiesha's financial condition was poor (*i.e.*, she was insolvent at the time of the transfers).

25. Kiesha's aforesaid transfers were made to hinder, delay and defraud her creditors, including Brandon from ensuring that all of Kiesha's non-exempt assets were included in her bankruptcy estate at the time of her filing bankruptcy.

26. Brandon therefore requests that Kiesha be denied a discharge pursuant to Section 727(a)(2).

### Count II - Denial of Discharge Under Section 727(a)(4)

27. Brandon incorporates by reference each of the foregoing allegations.

28. In violation of 11 U.S.C. § 727(a)(4), Kiesha made false oaths in her Statement in connection with her bankruptcy case. The false oaths were her answers in the Statement to the questions set forth in paragraphs 9-15 above which were false and were known by Kiesha to be false. Kiesha knew her representations and oaths were false at the time she made them, and it was her intention, in making false statements under oath, to conceal from creditors, including Brandon, that she had transferred over $100,000 in assets to her mother and other preferred creditors.

29. Kiesha also failed to disclose or amend her disclosures to reflect a tax refund she received in November 2016 or to correct or amend her filings to reflect that refund. Instead, she answered "No" in response to a question about *"Tax refunds owed to you."* Kiesha also "estimated" tax obligations to the IRS of $30,000 without substantiation or verification in order to understate her financial condition.

30. Kiesha intentionally failed to disclose child support payments she was due from her ex-husband David Yates pursuant to a prior divorce decree.

31. Kiesha did not provide accurate and complete information as she was obligated to do, but instead concealed information and assets with fraudulent intent. Even after having been

confronted with her false Statement and representations, Kiesha never bothered to amend or correct her Schedule or Statement.

32. Brandon therefore requests that Kiesha's discharge be denied pursuant to Section 727(a)(4).

Wherefore, Brandon respectfully requests that this Court enter an order (i) denying Kiesha's discharge pursuant to Section 727 of the Bankruptcy Code and (ii) granting such other and further relief if appropriate, including without limitation, payment of Brandon's costs, attorney fees and expenses incurred in these proceedings.

This the 24th day of January, 2017.

Respectfully submitted,

BRANDON WAYNE OSBORN

*s/Roy H. Liddell*
Roy H. Liddell (MSB #1252)
Kevin A. Rogers (MSB #101230)
Wells Marble & Hurst, PLLC
300 Concourse Boulevard, Suite 200
Ridgeland, Mississippi 39157
Telephone: 601.605.6900
Facsimile: 601.605.6901
Email: rliddell@wellsmar.com
krogers@wellsmar.com

## CERTIFICATE OF SERVICE

      I hereby certify that on this day the foregoing was filed through the Court's electronic document filing system and was served by the Court via notice of electronic filing and hyperlink to the document on all parties who are registered to receive electronic service in this case, including the following:

Ms. Eileen N. Shaffer
401 E. Capitol Street, Suite 316
Jackson, MS 39201

Mr. Derek A. Henderson
1765-A Lelia Drive, Suite 103
Jackson, MS 39216

United States Trustee
501 East Court Street, Suite 6-430
Jackson, MS 39201


This the 24th day of January, 2017.

                                                            *s/Roy H. Liddell*
                                                            Roy H. Liddell

#257001