# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:                                                                BANKRUPTCY PROCEEDING

KIESHA YATES OSBORN                                      CASE NUMBER: 16-02016 EE

## MOTION TO APPROVE COMPROMISE AND SETTLEMENT - BRANDON OSBORN

COMES NOW Derek A. Henderson, Trustee and files this his Motion to Approve Compromise and Settlement - Brandon Osborn, and in support thereof would show unto the Court the following:

1.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334, 28 U.S.C. §157, 11 U.S.C. §105, Rule 9019 of the Federal Rules of Bankruptcy Procedure and related code sections and rules.

2.

On June 22, 2016, Kiesha Yates Osborn ("Debtor") filed her petition under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Mississippi. Derek A. Henderson was appointed the Chapter 7 Trustee ("Trustee").

<u>House</u>

3.

At the time of the filing of the Debtor's petition, the Debtor owned a one-half (½) interest in a house and lot located in Madison County, Mississippi with an address of 198 Reunion Boulevard, Madison, Mississippi 39110 (hereinafter "Subject Property"). The Debtor's interest

became property of the bankruptcy estate pursuant to 11 U.S.C. §541. The co-owner is Brandon Osborn ("Osborn"). Thus, Osborn and the Trustee each own a one-half (½) interest in the Subject Property.

4.

On February 13, 2017, the Trustee filed a Complaint against Osborn seeking authority to sell the Subject Property pursuant to 11 U.S.C. §363(h) (Adversary Proceeding No. 17-00011 EE) (hereinafter "Adversary"). The Trustee requested to sell both the estate's interest and Osborn's interest.

Chancery Court Matter

5.

Also, prior to the bankruptcy petition, on September 4, 2014, the Debtor filed a Complaint in the Chancery Court of Madison County, Mississippi styled *Kiesha Yates Osborn v. Brandon Wayne Osborn,* bearing Case No. 2014-908-G. The matter was a Complaint for Equitable Distribution, for Injunctive Relief, for Entry of a Temporary Restraining Order and Petition for Temporary Relief (hereinafter "Chancery Complaint").

6.

Generally, the Debtor asserted claims in the Chancery Complaint for the following:

a) Equitable distribution of real and personal property;

b) Request for Osborn to reimburse Debtor for legal fees;

c) Permanent restraining order to prohibit Osborn from interfering with Debtor's operation of Carolina Storage Solutions, LLC and B&K Storage Solutions, LLC;

d) Permanent restraining order to prohibit Osborn from interfering with Debtor's access

        to books and records of Carolina Storage Solutions, LLC and B&K Storage Solutions, LLC; and

e)     Permanent restraining order to prohibit Osborn from having contact with customers of Carolina Storage Solutions, LLC and B&K Storage Solutions, LLC.

7.

Osborn filed an Answer and Counter-Complaint for Annulment and Motion for Temporary Relief to the Debtor's Chancery Complaint. Osborn asserted the following:

a)     declaration of nullity of marriage;

b)     possession of house/Subject Property;

c)     authority over operation of Carolina Storage Solutions, LLC and B&K Storage Solutions, LLC;

d)     require Debtor to execute documents related to ongoing operations of Carolina Storage Solutions, LLC and B&K Storage Solutions, LLC;

e)     equitable share of assets, and

f)     legal fees.

8.

During the course of the Chancery Complaint, Osborn was awarded temporary exclusive occupancy of the House/Subject Property and the management of Carolina Storage Solutions, LLC and B&K Storage Solutions, LLC were turned over to Sharon Moulder, CPA and Todd Burwell, Esq. The Debtor and Osborn were also enjoined from transferring assets.

9.

Both the Debtor and Osborn filed Motions for Contempt. A hearing was held on May 20,

2016. The Chancellor concluded that neither party entered the Court with clean hands. The Chancellor also ruled that (i) the Debtor was to pay reimbursement of expenses she was responsible for under a Temporary Order and (ii) Brandon was held in contemp for violation of Temporary Order and ordered to pay $2,500.00 and serve five (5) days in the Madison County Detention Center which was suspended.

10.

No order was ever entered after the hearing. Osborn contends he was right to appeal the ruling once an order is entered.

Osborn Proof of Claim

11.

After the bankruptcy petition was filed, Osborn filed his Proof of Claim (No. 8). The Osborn claim included six (6) parts. Part A-5 is related to Carolina Storage Solutions, LLC ($26,190.50) and Part A-6 is related to Two Streets suit that is also related to Carolina Storage Solutions, LLC ($20,725.00).

12.

The Trustee has filed an Objection to Osborn's Claim No. 8 (Docket No. 104).

Compromise and Settlement

13.

The parties have reached a compromise and settlement regarding the Subject Property, Adversary, Chancery Complaint and Part A-5 and A-6 of Osborn Proof of Claim No. 8.

14.

The terms of the settlement are as follows:

    A)    Osborn shall pay $15,000.00 to the Trustee for the benefit of the bankruptcy estate;

    B)    The Adversary (No. 17-00011 EE) shall be dismissed;

    C)    The Trustee shall execute a Quitclaim Deed to Osborn of all interest of the bankruptcy estate in the House/Subject Property;

    D)    The Chancery Complaint and Osborn's Counterclaim shall be dismissed; and

    E)    Part A-5 and A-6 of Osborn's Proof of Claim No. 8 are withdrawn and dismissed.

15.

The settlement is fair and reasonable and in the best interest of the estate.

16.

The settlement complies with the 5th Circuit standards for approving compromise and settlements.

17.

A basic policy in bankruptcy cases is that compromise is favored. Courts have built on this policy by adopting the standards set forth in the U.S. Supreme Court decision, *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968). In *TMT*, the Supreme Court held that a compromise would be approved by the bankruptcy court only after it

> apprise[s itself] of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated. Further, the judge should form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties in collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.

*Id.* at 424.

18.

The Fifth Circuit standard has been stated in *Official Comm. of Unsecured Creditors v. Cajun Electric Power Coop., Inc.*:

    (1)    [t]he probability of success in the litigation, with due consideration for the uncertainty in fact and law,
    (2)    [t]he complexity and likely duration of the litigation and any attendant expense, inconvenience and delay, and
    (3)    [a]ll other factors bearing on the wisdom of the compromise.

119 F.3d 349 (5th Cir. 1997). *Id.* at 356. These factors have been summarized as requiring the compromise to be "fair and equitable" and "in the best interests of the estate." *TMT*, 390 U.S. at 424; *Cajun Elec.*, 119 F.3d at 355.

19.

Under the circumstances of this case, the settlement is fair and reasonable. The Trustee requests authority from the Court to have the settlement approved.

20.

The settlement allows the estate to receive a sum certain without further litigation and resolving the Adversary Proceeding, the Chancery Court Complaint and a portion of Osborn's Proof of Claim No. 8. The litigation of the matters would continue to be expensive and there is no certainty as to the outcome.

21.

The settlement of $15,000.00 to the estate is fair and reasonable in light of the circumstances and allows the estate to resolve pending matters. In considering the $15,000.00 payment, the Trustee would show as follows:

A)      House/Subject Property

On January 12, 2017, Joe W. Parker of Parker, Gentry and Parker, Inc. issued an appraisal of the House/Subject Property. Parker estimated the value of the property under a normal marketing period to be $450,000.00 and a liquidation or quick as-is sale value to be $360,000.00. The mortgage on the Subject Property on July 1, 2016 (the month after the bankruptcy filing) was $347,874.29. Osborn has continued to pay mortgage post-petition. As of October 21, 2017, there were fifty-seven (57) homes listed for sale in the Reunion Subdivision where the Subject Property is located.

The Trustee considered different scenarios of having the Subject Property sold:

|  | A | B | C | D | E |
|---|---|---|---|---|---|
| Value | $360,000 | $450,000 95% | $450,000 90% | $450,000 85% | $450,000 80% |
| Sales Price | $360,000 | $427,500 | $405,000 | $382,500 | $360,000 |
| Costs of Sale 6% | ($21,600) | ($25,650) | ($24,300) | ($22,950) | ($21,600) |
| Closing Costs | ($3,000) | ($3,000) | ($3,000) | ($3,000) | ($3,000) |
| Improvements/ Repairs | ($5,000) | ($5,000) | ($5,000) | ($5,000) | ($5,000) |
| Taxes | ($2,500) | ($2,500) | ($2,500) | ($2,500) | ($2,500) |
| Mortgage | ($347,900) | ($347,900) | ($347,900) | ($347,900) | ($347,900) |
| Net Equity | ($20,000) x 50% | $43,450 x 50% | $22,300 x 50% | $1,550 x 50% | ($20,000) x 50% |
| Estate Recovery | $0 | $21,725 | $11,150 | $775 | $0 |

Therefore, based upon this analysis the range of recovery for the bankruptcy estate on a sale of the Subject Property could be between $0 and $21,725. Without incurring any additional time and expenses, the matter can be resolved. If an average is taken from the 95%, 90% and 85% recovery,

giving each equal weight, the average recovery would be approximately $11,200. Accepting $15,000 without additional efforts along with resolving other matters is fair and reasonable.

      B)    <u>Chancery Court Complaint</u>

The basic disputes in the Chancery Complaint are dealing with distribution of property, paying legal fees and resolution and dissolution of Carolina Storage Solutions, LLC and B&K Storage Solutions, LLC. The last hearing in Chancery Court result in the Court finding that neither the Debtor or Osborn entered the Court with clean hands. The Debtor was ordered to reimburse expenses and Osborn was ordered to pay $2,500.00. An order was never entered.

The sale of assets of Carolina Storage Solutions, LLC and B&K Storage Solutions, LLC have been completed and funds have been disbursed with the bankruptcy estate already receiving its share. Carrying forward the litigation would require a lifting of the stay and entry of orders by the Chancellor. There is no way to determine what appeals may be filed. The continuation of the Chancery Court proceeding is not feasible at this point if the result may be a recovery of $2,500.00.

      C)    <u>Proof of Claim</u>

Part A-5 and Part A-6 of the Osborn Proof of Claim should be dismissed. The Carolina Storage Solutions, LLC has been liquidated. The Two Streets lawsuit has been settled and paid during the resolution of the Carolina Storage Solutions, LLC. The estate owns a one-half (½) interest in Carolina Storage Solutions, LLC. The continuation of a dispute of these two (2) parts would not benefit the estate. Even if funds were owed, ultimately any payment going to Part A-5 and/or Part A-6 would result in funds to Carolina Storage Solutions, LLC. In turn, the estate would be entitled to a portion of that recovery. To complete the disputes with Osborn and the bankruptcy estate regarding these matters is in the best interest of the estate. Osborn has agreed to withdraw and

dismiss Part A-5 and Part A-6 of the Osborn Proof of Claim No. 8.

22.

Based upon the receipt of $15,000.00 and the resolution of pending matters, the Trustee requests that the Court approve the settlement and compromise with Osborn.

WHEREFORE, the Trustee requests the Court to find that his Motion to Approve Compromise - Brandon Osborn is well taken and should be granted.

                                          Respectfully submitted,

BY:    s / Derek A. Henderson
          DEREK A. HENDERSON, TRUSTEE
          AND ATTORNEY FOR THE TRUSTEE

## CERTIFICATE OF SERVICE

  I, DEREK A. HENDERSON, do hereby certify that I have this date served, via United States Mail, postage prepaid, or via the ECF Notification Service, which provides electronic notice, a true and correct copy of the above and foregoing Motion to Approve Compromise and Settlement - Brandon Osborn to all creditors and parties in interest listed on the mailing matrix and the following:

  Office of United States Trustee
  USTPRegion05.JA.ECF@usdoj.gov

  Roy H. Liddell
  royliddell@wellsmar.com

  Kevin A. Rogers
  krogers@wellsmar.com

  Eileen N. Shaffer
  enslaw@bellsouth.net

  This, the 24th day of October, 2017.

                s / Derek A. Henderson
                DEREK A. HENDERSON, TRUSTEE
                AND ATTORNEY FOR THE TRUSTEE

**Derek A. Henderson, MSB #2260**
**1765-A Lelia Drive, Suite 103**
**Jackson, MS 39216**
**(601) 948-3167**
**derek@derekhendersonlaw.com**